# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS E. HODGE, Jr., #R-20175, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00241-NJR |
| | ) |
| STEVEN DUNCAN, | ) |
| FITCH, DANKS, McCARTHY, | ) |
| and JOHN DOE 1, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Lewis Hodge, Jr., an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights (Doc. 1). Hodge claims that he was subjected to unbearable living conditions when the toilet in his cell broke, he filed complaints about the issue numerous times, and it was not fixed for at least a month. In connection with these claims, Hodge sues Steven Duncan (warden), Finch (correctional officer), Danks (correctional officer), McCarthy (lieutenant), and John Doe 1 (plumber) for monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Court is reviewing Hodge's first amended complaint, as his initial complaint was dismissed for failure to state a claim (Docs. 1, 8, 9).

## The Complaint

Hodge's sole claim is that the toilet in his cell stopped working on August 8, 2015 (Doc. 9 at 6). He informed Defendant Danks of the issue and got no assistance, either on the day of the break, or later when he sought a cell change from Danks (*Id.*). On August 9, 2015, Hodge sought assistance from Defendant Fitch, who also denied help at that time, or later when he sought a cell change (*Id.*). On August 18, 2015, Defendant McCarthy told Hodge that nothing would be done due to budget constraints (*Id.*). Hodge wrote grievances about the issue, including one addressed to Defendant Duncan on August 25, 2015 (*Id.*). On August 27, 2015, Warden Duncan came to see the toilet but said he could not do anything to help (*Id.*). Hodge and his cellmate were moved to a new cell on September 8, 2015 (*Id.*). Maintenance later fixed the toilet without the use of tools (*Id.*). Hodge complains that for the duration of a month, from August 8 through September 8, 2015, he and his cellmate had to eat and live in a cell with a broken toilet (*Id.*).

## Discussion

To state a claim for a violation of the Eighth Amendment's cruel and unusual punishments clause, plaintiffs are required to make a two part showing. First, a plaintiff must identify an objective condition that denied him "the minimal civilized measure of life's necessities," creating an excessive risk of harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, a plaintiff must show a subjective component—that the defendant had a culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from the objectively serious condition. *Id.* at 842. Unsanitary conditions may state a claim under the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (finding that unhygienic conditions combined with a denial of cleaning supplies could state a claim for relief); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (finding that a prisoner

held in a cell with no working sink or toilet, water on the floor and feces on the wall may state a claim for relief).

Here, Hodge identified an unsanitary condition—a broken toilet—that may constitute an objectively serious condition. As to the subjective component, he has alleged that he personally asked Defendants Danks, Fitch, McCarthy and Warden Duncan for assistance. These individuals apparently saw the condition and denied assistance. A week after Defendant Duncan saw the condition, Hodge was moved to a new cell, though there is no indication why the move occurred. Taking Hodge's allegation as true—that these defendants observed the broken toilet in the cell and did not act—Hodge may also have established deliberately indifferent behavior by the defendants. Accordingly, Hodge's complaint will be allowed to proceed against Defendants Danks, Fitch, McCarthy, and Duncan.[1]

By contrast, the complaint will not be allowed to proceed against Defendant John Doe 1, the plumber, because Hodge does not allege that this defendant subjectively intended for the Hodge to continue living in potentially unsanitary conditions. The only mention of this unnamed defendant suggests that he or she observed the toilet after Hodge had been moved to another cell, thus it was impossible for the unnamed defendant to act in deliberate indifference while Hodge was living in the cell. Based on the facts presented, Defendant John Doe 1 will be dismissed without prejudice from this action for failure to state a claim upon which relief can be granted. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation").

---

[1] It should be noted that Warden Duncan is technically a supervisor, and supervisory liability does not exist in the Section 1983 context. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The facts presented suggest, however, that Hodge intends to pursue a deliberate indifference claim against Duncan for actions he personally took, as opposed to actions he took in supervising his subordinates.

### Pending Motions

Hodge has filed a Motion for Recruitment of Counsel (Doc. 3) which shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for a decision. The Motion for Service of Process at Government Expense (Doc. 4) is **GRANTED**; service is ordered below.

### Disposition

**IT IS ORDERED** that this action shall receive further review as to **DEFENDANTS DANKS, FITCH, McCARTHY, and DUNCAN**. The complaint shall be **DISMISSED without prejudice** as to **DEFENDANT JOHN DOE 1** for failure to state a claim.

The Clerk of Court shall prepare for **DEFENDANTS DANKS, FITCH, McCARTHY, AND DUNCAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Hodge. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Hodge, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Hodge shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Hodge shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including a decision on Hodge's Motion for Recruitment of Counsel (Doc. 3), and for Service of Process at Government Expense (Doc. 4). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Hodge, and the judgment includes the payment of costs under § 1915, Hodge will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Hodge is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Hodge is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 11, 2016**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**