IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS E. HODGE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-241-NJR-DGW |
| | ) |
| STEVEN A. DUNCAN, C/O FITCH, C/O | ) |
| DANKS, and LT. LEIF MCCARTHY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 38), which recommends granting the Motion for Summary Judgment on the issue of exhaustion filed by Defendants Steven A. Duncan, C/O Fitch, C/O Danks, and Lt. Leif McCarthy (Doc. 32).

On April 25, 2016, Plaintiff Lewis E. Hodge, Jr., filed an Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 9) alleging Defendants subjected him to unbearable living conditions when the toilet in his cell broke (*Id.*). Hodge claims he informed Defendants of the condition, but they never addressed the problem. Hodge seeks compensatory and punitive damages (*Id.*).

On January 10, 2017, Defendants filed a motion for summary judgment (Doc. 32) arguing Hodge failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq.*, prior to filing this suit. In their motion, Defendants acknowledge that Hodge spoke to his counselor about the broken toilet on August 3, 2015, and that he submitted an emergency grievance on August 24, 2015,

"presumably concerning his malfunctioning toilet" (Doc. 33, p. 1). The emergency grievance was returned to Hodge on August 26, 2015, with a response from the warden indicating it was a non-emergency (*Id.*). Defendants argue that Hodge never appealed the denial of his emergency grievance to the Administrative Review Board ("ARB") as required by the Illinois Administrative Code. Defendants also note that Hodge claims to have sent a grievance to "Springfield," but argue that Hodge provides no further information on the timeframe or addressee (*e.g.*, "Director" or "Administrative Review Board"). Hodge also failed to attach a copy of the alleged grievance or appeal to the Amended Complaint. Defendants note that the ARB has no record of any grievance from Hodge regarding a broken toilet (or any grievances at all, for that matter) (Doc. 33-1, p. 11).

Hodge did not file a response to Defendants' Motion for Summary Judgment despite being warned of the consequences for failing to do so (Doc. 34). The Report and Recommendation was entered on April 7, 2017. No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by Defendants, as well as Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed his conclusion that Hodge failed to exhaust his administrative remedies when there is no evidence that Hodge received a response from the ARB regarding the issues with his broken toilet. Indeed, the only evidence before the Court is that Hodge has never filed a grievance with the ARB (Doc. 33-1, p. 11). Hodge has provided no evidence to the contrary.

The Court finds the factual findings and rationale of the Report and Recommendation sound. It is apparent to the Court that Hodge did not fully exhaust his administrative remedies prior to filing suit; thus, the motion for summary judgment must be granted.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 38) and **GRANTS** the Motion for Summary Judgment on the issue of exhaustion filed by Defendants Steven A. Duncan, C/O Fitch, C/O Danks, and Lt. Leif McCarthy (Doc. 32). Accordingly, this action is **DISMISSED without prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   May 5, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**